IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-00629-NYW

C.D.I.,[1]

    Plaintiff,

v.

FRANK BISIGNANO, Commissioner of the Social Security Administration,[2]

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "Motion" or "Motion for Attorney's Fees"). [Doc. 27].[3] Plaintiff's counsel seeks $31,979.13 in attorney's fees and $1,522 in costs, for a total of $33,498.13, including fees on appeal. [*Id.* at 8]. The Commissioner has filed a Response, arguing that the Commissioner's prior position was substantially justified,

---

[1] The Local Rules of Practice for this District state that "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only." D.C.COLO.LAPR 5.2(b). Although the Court has already resolved C.D.I.'s appeal on the merits, the Court continues to use only Plaintiff's initials to identify him.

[2] This action originally named both Kilolo Kijakazi and Martin O'Malley, in their respective official capacity as Commissioner of the Social Security Administration. *See, e.g.*, [Doc. 27; Doc. 34]. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Frank Bisignano, the current Commissioner of the Social Security Administration, as Defendant.

[3] Where the Court refers to the filings made in the Case Management/Electronic Case Filing ("ECF") system in this action, it uses the convention [Doc. ___]. When the Court refers to the CM/ECF docket number for a different action, it uses the convention [ECF No. ___]. In either case, the Court identifies the page number as assigned by the CM/ECF system.

despite this Court being reversed and remanded on appeal. [Doc. 33]. Plaintiff replied, [Doc. 34], and this Motion is ripe for review. For the reasons set forth herein, the Court respectfully **GRANTS in part and DENIES in part** the Motion for Attorney's Fees.

## BACKGROUND

Plaintiff C.D.I. ("Plaintiff" or "C.D.I.") applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 28, 2019, asserting that he became disabled on October 18, 2018 due to the following conditions: cirrhosis of the liver, end stage; kidney failure; hearing loss; vision loss; depression; anxiety; and back pain. [Doc. 8-5 at 371–73; Doc. 8-6 at 427].[4] The Social Security Administration ("SSA") denied Plaintiff's requests for benefits on August 5, 2019, [Doc. 8-4 at 212], and denied his request for reconsideration on June 11, 2020. [*Id*. at 221]. After a hearing, Administrative Law Judge Debra Boudreau (the "ALJ") entered an order on February 16, 2021 concluding that Plaintiff is not disabled. [Doc. 8-3 at 186–98]. Plaintiff requested that the Appeals Council review the ALJ's decision, and the Appeals Council remanded the case to the ALJ for further consideration. [*Id.* at 205–08]. Upon further consideration, the ALJ again denied Plaintiff's application for DIB and SSI. [Doc. 8-2 at 12–26]. C.D.I. then appealed to this Court for review of the Commissioner of Social Security's final decision denying his application for Disability Insurance Benefits. *See generally* [Doc. 1]. On February 27, 2023, this Court entered a Memorandum Opinion and Order affirming the Commissioner's decision. *See* [Doc. 18].

---

[4] When citing to the Administrative Record, the Court utilizes the docket number assigned by the Electronic Case Filing ("ECF") system and the page number associated with the Administrative Record, found in the bottom right-hand corner of the page. For all other documents, the Court cites to the document and page number generated by the ECF system, instead of the page numbers assigned by the Parties.

2

C.D.I. appealed this Court's decision to the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit" or "the Circuit"). [Doc. 20]. On appeal, he identified two issues on appeal: (1) whether the Administrative Law Judge ("ALJ") erred in improperly discounting C.D.I.'s diagnosis and symptoms of chronic fatigue syndrome (or "CFS") under SSR 14-1p; and (2) whether the ALJ erred in failing to apply the Tenth Circuit's treating physician rule. [Doc. 33-1 at 8]. With respect to the second issue, i.e., the applicability of the treating physician rule, the Tenth Circuit held that the treating physician rule upon which C.D.I. relied had been "abandoned" by regulations adopted in 2017. *C.D.I. v. Commissioner*, No. 23-1139, 2024 WL 2747569, at *4 (10th Cir. May 29, 2024).

But as for the first issue, the Tenth Circuit concluded that the ALJ failed, at step five of the applicable analysis, to consider "all of the relevant medical and other evidence" in assessing a claimant's residual functional capacity.[5] *See id.* at *3. Specifically, the Tenth Circuit found that the ALJ failed to acknowledge C.D.I.'s diagnosis of chronic fatigue syndrome, and evidence in the record of other symptoms, diagnoses, and laboratory findings that SSR 14-1p associates with chronic fatigue syndrome. *Id.* Ultimately, the Tenth Circuit remanded to the ALJ "for the ALJ to consider whether C.D.I. possesses a residual functional capacity to perform other work in the national economy in light of all the relevant medical and other evidence, including the CFS diagnosis and

---

[5] The residual functional capacity ("RFC") refers to "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments: the claimant's maximum sustained work capability," subject to both physical and non-physical exertion limitations. *See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

other evidence relating to CFS." *Id.* at *4. On July 22, 2024, the mandate issued and "jurisdiction was transferred back to the lower court/agency."[6] [Doc. 26].

This instant Motion for Attorney's Fees followed. [Doc. 27].

## ANALYSIS

Unless otherwise specifically provided by statute, the Equal Access to Justice Act ("EAJA") provides for an award of costs as enumerated by 28 U.S.C. § 1920 to a prevailing party in any civil action brought against a federal agency. 28 U.S.C. § 2412(a)(1). In addition to costs, a prevailing party may also recover attorney's fees in proceedings seeking judicial review of agency action brought against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. § 2412(d)(1)(A).

Here, the Commissioner does not dispute that C.D.I. is a prevailing party for the purposes of 28 U.S.C. § 2412(d). *See* [Doc. 33]. Nor does he argue that there are special circumstances that preclude the award of fees and costs under the EAJA. *See* [*id.*]. Instead, the Commissioner argues that Plaintiff is not entitled to EAJA fees because the agency's position before this Court and the Tenth Circuit was substantially justified, and that Plaintiff's costs that were incurred on appeal are not permitted under the EAJA. *See* [*id.*]. The Commissioner further contends that even if this Court finds that EAJA fees are warranted, the amount of fees requested by Plaintiff's counsel is unreasonable. [*Id.* at 14–17]. On Reply, Plaintiff does not address the reasonableness of the amount of fees or Defendant's argument about costs, but rather focuses upon the Tenth Circuit's holding

---

[6] The Parties represent that "further administrative proceedings have been completed" and the "EAJA petition is ripe for review." [Doc. 39 at 2, 5].

4

to establish that the Commissioner's position was not substantially justified.[7]  *See* [Doc. 34].

The Court turns to these arguments below.

I.  **Attorney's Fees**

As an initial matter, the Commissioner unequivocally prevailed regarding the applicability of the treating physician's rule.  Accordingly, no fees associated with challenging the Commissioner's position on the treating physician's rule are warranted.  The Court thus turns to considering whether the Commissioner's position was substantially justified otherwise.

---

[7] On October 14, 2025, the Court ordered the Parties to file a Joint Status Report "indicating whether this action has or is proceeding on remand before the ALJ or whether the Parties require this Court to enter an order of remand and a final judgment in this Court to trigger review and a request for fees and costs under the EAJA." [Doc. 35].  As the Court observed, Tenth Circuit case law indicates that a motion for fees under the EAJA is triggered from a judgment from the district court, remanding the case back to the agency.  *See Shubargo v. Astrue*, 498 F.3d 1086, 1088 (10th Cir. 2007); *Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995).  But here, the decision by the Tenth Circuit clearly stated, "[w]e remand to the ALJ for the reasons discussed above."  *C.D.I.*, 2024 WL 2747569, at *5.  The Mandate then stated "jurisdiction is transferred back to the lower court/agency"—coupled with the language of the decision, it appeared from the Mandate that the Tenth Circuit was remanding directly back to the agency.  [Doc. 26].  In their Joint Status Report, the Parties contend that the Tenth Circuit's Mandate functions as a "final judgment" that made Plaintiff a prevailing party and ultimately (after the time to petition the Supreme Court for *certiorari* expired) triggered the 30-day clock for filing of an EAJA motion.  *See* [Doc. 39].  Even if the Court should have entered a separate judgment, the Parties argue, the issue is moot.  [*Id.* at 6].  The Mandate is recorded on this Court's docket, [Doc. 26], the remanded agency proceedings are complete, and the Parties do not dispute that Plaintiff is a prevailing party and timely moved for EAJA fees.  *See generally* [Doc. 39].  In light of the Parties' representations, the Court respectfully concurs that any issues related to the Mandate are moot and that Plaintiff's Motion is ripe for review.

### A.     Substantially Justified

In order to avoid the imposition of fees, the Commissioner bears the burden of proof to show that his position was substantially justified.  *See Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  The question of whether the Commissioner's position was "substantially justified" to avoid the award of EAJA fees is a question of both law and fact, and the Supreme Court has defined it to mean "justified to a degree that could satisfy a reasonable person."  *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  The Tenth Circuit instructs that the trial judge must undertake "a separate review" of the government's position on both the agency and trial court level, and has broken the reasonableness test into three parts.  *See Culler v. Massanari*, 9 F. App'x 839, 841 (10th Cir. 2001) (quoting *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988)).  To prevail, the Commissioner must show that:  (1) there is a reasonable basis for the facts alleged; (2) there exists a reasonable basis in law for the theory it propounds; and (3) the facts alleged will reasonably support the legal theory advanced.  *Id.* (quoting *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir.1988) (quotations omitted)).

While the Commissioner's position may be substantially justified without being correct, the reasonableness of his litigation conduct does not necessarily offset prelitigation conduct that was without a reasonable basis.  *Hackett*, 475 F.3d at 1174.  Here, the Commissioner argues that the fact that this Court concluded that the ALJ had adequately considered Plaintiff's chronic fatigue syndrome and symptoms, while the Tenth Circuit did not, means that reasonable minds can differ and his position was substantially justified.[8]  [Doc. 33 at 4–8].  In light of the Tenth Circuit's opinion, this Court

---

[8] The Commissioner also invites this Court to second-guess the Tenth Circuit's decisions by finding that the Circuit Court was mistaken about the source of Plaintiff's diagnosis of

6

respectfully disagrees. The Circuit found that the ALJ erred by omitting "any discussion of [chronic fatigue syndrome]" at stage four of the analysis, but concluded that error was harmless due to the ALJ's determination that other severe impairments existed. *See C.D.I.*, 2024 WL 2747569, at *3. But the Tenth Circuit went on to conclude that:

> The ALJ's step five analysis, however, was also problematic. . . . First, the ALJ failed to acknowledge the CFS diagnosis, and indeed discounted C.D.I.'s reports of fatigue based on the purported lack of any supporting clinical findings or other medical evidence. . . .
>
> Second, there was evidence in the record of other symptoms, diagnoses, and laboratory findings that SSR 14-1p associates with CFS. . . . The ALJ determined that the evidence of headaches was unclear from the record, but her step five analysis contains virtually no discussion of the remaining indications of CFS.
>
> . . .
>
> We hold that the ALJ's RFC determination at step five was not based on "all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), and we therefore remand for the ALJ to consider whether C.D.I. possesses a residual functional capacity to perform other work in the national economy in light of all the relevant medical and other evidence, including the CFS diagnosis and other evidence relating to CFS.

*Id.* at *3–4. In light of these holdings, this Court finds that the Commissioner has not carried his burden to establish that his position at the administrative stage was substantially justified. Thus, EAJA fees should be awarded. *See Harrold v. Berryhill*, No. 15-cv-00616-FHM, 2019 WL 267725, at *1 (N.D. Okla. Jan. 18, 2019) (awarding EAJA fees after the Tenth Circuit reversed district court's affirmance of ALJ's denial decision); *Martinez v. Astrue*, No. 09-cv-00668-CMA, 2011 WL 1344375, at *3 (D. Colo. Apr. 7,

---

chronic fatigue syndrome and did not address the evidentiary requirements of SSR 14-1p. [Doc. 33 at 3–4]. This Court respectfully declines to do so, and notes that neither issue materially impacts whether the ALJ's handling of Plaintiff's diagnosis of chronic fatigue syndrome and its symptoms was substantially justified at the administrative stage or during litigation.

2011) (awarding fees under the EAJA for procedural missteps that triggered remand to the ALJ); *cf. George v. Astrue*, No. 5:06-cv-00960-C (W.D. Okla. Apr. 4, 2012), ECF No. 42 (denying EAJA fees despite reversal by Tenth Circuit because plaintiff was represented by counsel throughout proceedings before the ALJ and failed to raise relevant evidence until appeal).

### B.  Calculation of Fees

Having determined that an award of attorney's fees is appropriate, the Court now turns to the calculation of such fees.  The Commissioner urges this Court to reduce any fee award because Plaintiff's counsel "has not met his burden to demonstrate that the 126.7 attorney hours expended on this matter were reasonably necessary." [Doc. 33 at 14].  The Commissioner further submits that the statutory maximum hourly rates that "the National CPI-U"[9] provides were $234.95 in 2022 and $244.62 in 2023.  [*Id.*].  Plaintiff does not contest this calculation.  *See* [Doc. 34].

Courts calculating fee awards under the EAJA generally use the lodestar method. *See*, *e.g.*, *Marin v. Colvin*, No. 14-cv-01331-KMT, 2015 WL 7755961, at *4 (D. Colo. Dec. 1, 2015).  First, the Court determines the number of hours reasonably spent by counsel for the prevailing party, considering factors such as "(a) the hours that would be properly billed to one's client in accordance with good 'billing judgment,' (b) time spent on specific tasks, and (c) duplication of efforts." *Martinez*, 2011 WL 1344375, at *4.  The Court then multiplies the number of reasonable hours with a reasonable hourly rate.  *Marin*, 2015 WL 7755961, at *4; *Martinez*, 2011 WL 1344374, at *4.  As the party seeking the award of attorney's fees, C.D.I. bears the burden of persuading the court that the amount is

---

[9] "National CPI-U" refers to the National Consumer Price Index – Urban.

8

reasonable.  *See R.B. v. Commissioner*, No. 21-cv-00917-CNS, 2023 WL 6690298, at *5 (D. Colo. Oct. 12, 2023).

### 1. Reasonable Hours

As an initial matter, this Court notes that Plaintiff's counsel, David M. Koppa ("Plaintiff's counsel" or "Mr. Koppa") inexplicably failed to address any concerns about the reasonableness of the hours expended on this action in Reply.  *See generally* [Doc. 24].  This is despite Defendant's citation to a ruling by another court within this District taking issue with counsel's billing practices on March 3, 2023—over a full year prior to the filing of the instant Motion for Attorney Fees.  [Doc. 33 at 16 (citing *Bess v. Kijakazi*, No. 22-cv-00864-REB, 2023 WL 2422205 (D. Colo. Mar. 6, 2023))].  Many of the same concerns raised by the *Bess* court not only remain, but are identical, in Plaintiff's submission here, including but not limited to:

(1) Plaintiff raised and pursued an argument with respect to the application of a treating physician rule that had been rejected by the lone Circuit court and every federal district court that had considered it, *see Bess,* 2023 WL 2422205, at *3, and now by the Tenth Circuit in this action, *see C.D.I.*, 2024 WL 2747569, at *4.  *See generally* [Doc. 12 at 20–28 (Plaintiff's arguments regarding the treating physician rule)].  To that end, Mr. Koppa bills for time on "research on the Cathran case."  [Doc. 27-1 at 1].  But that case, *Cothran v. Kijakazi*, No. 20-cv-00995-PAB, 2022 WL 1421254 (D. Colo. May 5, 2022), was discussed in the context of the treating physician rule that the Tenth Circuit rejected, *see* [Doc. 14 at 6].

(2) The Court "cannot tell for certain what proportion of counsel's briefing time was devoted to this unpersuasive argument is because the vast majority of his time entries are not explained and/or are vague in the extreme," *Bess,* 2023 WL 2422205, at *3.  *Compare* [Doc. 27-1], *with* Exhibit A to Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("*Bess* Time Entries"), *Bess v. Kijazaki,* No. 22-cv-00864-REB, (D. Colo. Dec. 15, 2022), ECF No. 19-1 (Mr. Koppa's time entries in *Bess*).

(3) Counsel's descriptions are substantially similar to, and in some cases identical to, those rejected by the *Bess* court as being undecipherable, *Bess*, 2023 WL 2422205, at *4.  *Compare Bess* Time Entries, *with* [Doc. 27-1].  For instance, like the *Bess* court, this Court has no idea what the repeated reference to "rr" is.  *See* [Doc. 27-1 at 1];

(4) Plaintiff's counsel has continued to include entries for non-compensable clerical tasks, including entries that the *Bess* court specifically identified as such.  *Compare Bess*, 2023 WL 2422205, at *4 (rejecting entries such as ""draft of civil cover sheet filing," "filing of magistrate consent form," "downloading ecar," and "filing of [EAJA] motion"), *with* [Doc. 27-1 at 1 (claiming time for "draft of civil cover sheet filing," "download of appellate record," "finalization of Magistrate[10] consent form; filing,")]; and

(5) Plaintiff's counsel continues the practice of "block billing," that combines compensable time with non-compensable time in a manner that precludes

---

[10] The proper title is "Magistrate Judge."  28 U.S.C. § 631.  This Court expects that all counsel—particularly those based in the District of Colorado—will use the proper title in addressing United States Magistrate Judges in submissions to the Court.

meaningful review by the Court. *Compare Bess,* 2023 WL 2422205, at *4 (discussing an entry for 8/16/22 "finalization and filing of opening brief"), *with* [Doc. 27-1 at 1 (entry for 8/29/22 for "finalization and filing of reply brief; email client")]. This is "strong evidence" that the fee is excessive. *Bess,* 2023 WL 2422205, at *4 (quoting *Flying J Inc. v. Comdata Network, Inc.*, 322 F. App'x 610, 617 (10th Cir. 2009)).

And most troubling to this Court, Mr. Koppa appears to have potentially double-billed for an hour of research on "Chevron deference" on the same day in both cases. *Compare* [Doc. 27-1 at 1 (entry for 6/27/2022 "research Chevron deference")], *with Bess* Time Entries at 1 (entry for "27-Jun research Chevron deference").

Counsel's entries for appellate fees fare no better.[11] They include 0.8 hours for a "t/c clerk; review of 10th circuit rules re IFP," *see* [Doc. 27-1 at 2], that are clearly administrative in nature. And as noted by the Commissioner, Plaintiff attributes 7.5 hours over two days on July 15–17, 2023, for "correcting deficiency," and another 4.5 hours for "finalization," [*id.*] which was triggered by the Tenth Circuit advising counsel that "64 pages of attachments in the electronic brief are not in the paper copies." *See C.D.I. v.*

---

[11] Other courts of appeals have held that an application for appellate fees under EAJA should always be presented to the court of appeals in the first instance. *See, e.g., Dague v. City of Burlington*, 976 F.2d 801, 804 (2d Cir. 1991); *United States v. Estridge,* 797 F.2d 1454, 1458–60 (8th Cir.1986); *Martin v. Heckler,* 754 F.2d 1262, 1265 n. 6 (5th Cir.1985); *see also Orn v. Astrue*, 511 F.3d 1217, 1220 (9th Cir. 2008) (holding that appellate court has discretion to review application for appellate fees under EAJA). But the Tenth Circuit has held that this Court should consider the award of appellate fees in the first instance. *Goatcher*, 57 F.3d at 982 ("[W]e have decided to establish the policy that EAJA fee applications in social security cases be filed in the first instance in the district court"); *see also Commissioner v. Jean*, 496 U.S. 154, 161–62 (1990) ("Any given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items.").

*Commissioner*, No. 23-1139 (10th Cir. July 25, 2023), ECF No. 23 (advising that the paper copies of appellant's brief are deficient).[12] Again, "[p]urely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees." *Villalobos v. Colvin*, No. 15-cv-00463-CG, 2016 WL 10179289, at *2 (D.N.M. July 12, 2016) (quotation omitted). And Mr. Koppa attributes 11.5 hours to "draft of notes for brief," in addition to the hours attributed to actually drafting the appellate brief. [Doc. 27-1 at 2].

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Ramirez v. Kijakazi*, No. 21-cv-0458 KRS, 2023 WL 2167294, at *3 (D.N.M. Feb. 22, 2023). Where, as in here, an attorney has failed to exercise billing judgment, the Court may "either excise any hours unreasonably claimed or simply reduce the requested fee by a percentage which the Court, in its discretion, finds appropriate based on its review of the record." *See Bess*, 2023 WL 2422205, at *5 (collecting cases). This Court finds that the latter is appropriate, given the lack of specificity within the proffered billing statement. In *Bess*, the court found that a reduction of 40% was warranted, for a total award of attorney fees of $6,348.00 based on 27.6 hours of work. *Id.* Other courts in this District have observed that 26.3 hours is reasonable. *See Vialpando v. Commissioner*, No. 19-cv-02655-STV, 2021 WL 1222493, *2 (D. Colo. Apr. 1, 2021). Sister courts within the Tenth Circuit have also observed that a typical SSA proceeding falls within 20–40 hours of work. *See Lozano v. Kijakazi*, No. 19-cv-00130-GBW, 2023 WL 143992, at *2 (D.N.M. Jan. 10, 2023);

---

[12] It is also unclear why it would take 12 hours to correct seven paper copies of pages that were already reflected in the electronic filing.

*Halencak v. Berryhill*, No. 17-cv-00395-STE, 2018 WL 3354886, *2 (W.D. Okla. July 9, 2018) (collecting cases to demonstrate that "[n]umerous courts have noted that an average of 20 to 40 hours of attorney time is typically expended to prosecute a [S]ocial [S]ecurity appeal through to judgment on the merits in federal court").

Here, counsel has claimed 73.5 hours for the action before this Court and 53.2 hours for the appeal to the Tenth Circuit—well beyond the average. [Doc. 27-1]. A review of the briefing before this Court reveals that the issue on which Plaintiff prevailed was one of three raised before this instant Court, and one of two before the Tenth Circuit. Portions of Plaintiff's arguments are copied, almost verbatim, from his briefs before this Court to his Opening Brief before the Tenth Circuit. *Compare* [Doc. 12; Doc. 14], *with* Appellant's Opening Brief, *C.D.I. v. Commissioner*, No. 23-1139 (10th Cir. July 17, 2023), ECF No. 18-1. Accordingly, this Court finds that it is appropriate to allow 50% of the hours claimed by counsel, equating to 36.75 before this Court and 26.6 hours before the Tenth Circuit, for a total of 63.35 hours.

### 2.     Reasonable Hourly Rate

The Court next turns to the issue of a reasonable hourly rate. "The EAJA provides that attorney fees are not to be awarded in excess of $125 per hour unless the Court determines that an increase in the cost of living or a special factor, such as a limited availability of qualified attorneys for the proceedings, justifies a higher fee." *See R.B.*, 2023 WL 6690298, at *5 (citing *Taylor v. Colvin*, No. 13-cv-03152-CMA, 2015 WL 2375907 at *2 (D. Colo. May 15, 2015)). As discussed above, Plaintiff does not challenge the Commissioner's calculation of the statutory maximum hourly rates of $234.95 in 2022 and $244.62 in 2023. But because the Court does not distinguish between hours incurred

13

in 2022 and 2023, this Court will use a blended hourly rate of $239.79. Taking this hourly rate of $239.79 multiplied by the total number of reasonable hours of 63.35, the total award is $15,190.70.[13]

## II. Award of Costs

The Court next turns to Defendant's arguments that particular costs sought by Plaintiff, such as expedited shipping postage, packaging materials, and "alleged printing/copy costs," are not recoverable under the EAJA. [Doc. 33 at 17]. Section 2412(a)(1) provides for a judgment for costs as enumerated by 28 U.S.C. § 1920, which in turn provides for recovery of:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)   Docket fees under section 1923 of this title;

(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

---

[13] This amount is also consistent with an award of attorney's fees of $9,200 under the EAJA stipulated to by Mr. Koppa and the Commissioner in a separate case that resulted in a remand by this Court to the ALJ in 2023, see *V.V.L. v. Kijakazi*, No. 22-cv-02192-NYW (D. Colo. Oct. 11, 2023), ECF No. 27, and the amount of $6,348 awarded to Mr. Koppa in the *Bess* case, see *Bess*, 2023 WL 2422205, at *5. In *Bess*, the Commissioner did not oppose remand. See Defendant's Unopposed Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), *Bess*, No. 22-cv-00864-REB (D. Colo. Sept. 15, 2022), ECF No. 16.

§ 1920. While the Court finds that costs under 28 U.S.C. § 2412(a)(1) are appropriate because the Commissioner has not carried his burden of establishing that his conduct was substantially justified, a plaintiff seeking costs under the EAJA must file a Bill of Costs with the Clerk of the Court in the first instance.[14]  D.C.COLO.LCivR 54.1.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1)  Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. 27] is **GRANTED in part** and **DENIED in part**; and

(2)  Pursuant to 28 U.S.C. § 2412(d), Plaintiff's counsel is awarded $15,190.70 in attorney's fees.

DATED:  December 2, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[14] However, the Court notes that certain claimed costs do not appear to fall within the rubric of 28 U.S.C. § 1920.